UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LORENZO WILSON,
    Plaintiff,

vs.                               10-1148

GERALDO ACEVEDO, et.al.,
    Defendants.

## MERIT REVIEW ORDER #2

    This cause is before the court for a merit review of the plaintiff's amended complaint. The plaintiff, a pro se prisoner, originally filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. On June 1, 2010, the court held a merit review hearing to discuss the plaintiff's claims. The court dismissed the plaintiff's complaint as a violation of Federal Rules of Procedure 18 and 20. *See* June 7, 2010 Merit Review Order. The court noted that the plaintiff was attempting to bring unrelated claims against unrelated defendants in the same complaint. *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

    The court gave the plaintiff additional time to file an amended complaint and the plaintiff has now complied. The court is still required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff has named three defendants in his amended complaint including: Dietary Manager James Rundle, Lieutenant Donald Price and Lieutenant Shaw. The clerk of the court will be instructed to dismiss Defendants Acevedo, Wright, Price, Locke and Hawkinson since they are no longer included in the allegations.

    The plaintiff has divided his complaint into two counts:

CLAIM ONE: The plaintiff claims that Defendants Rundle has violated his Eighth Amendment rights based on the food that is provided at Hill Correctional Center. Defendant Rundle is responsible for ordering food items and preparing a nutritionally adequate meal. The plaintiff is an African Hebrew Israelite who must it a vegan diet. The plaintiff says the defendant refuses to provide him with adequate amounts of fruits, vegetables and other supplements. As a result, the plaintiff says he suffers from severe weight loss, muscle cramps, headaches, weakness, diarrhea and confusion. The plaintiff says he believe he is being punished for requiring an alternative diet.

The plaintiff has adequately alleged a violation of his Eighth Amendment rights. Correctional Centers are required to prepare "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens,* 777 F.2d 1250, 1255 (7th Cir. 1985), *quoting Ramos v. Lamm*, 639 F.2d 559, 570-1 (10th Cir. 1981).

CLAIM TWO: The plaintiff says Defendants Price and Shaw are in charge of dining room security and only allow the plaintiff five to seven minutes to eat his noon meal. Consequently, the plaintiff says he is never able to finish his lunch. The plaintiff says he has suffered severe weight loss, bloating, indigestion, constipation and stomach pain. The plaintiff says he believes he is being punished for "eating the defendant's food and/or plaintiff is being punished for being an inmate at the Hill Correctional Center." (Comp, p. 8). It appears from the plaintiff's allegation that all inmates are subjected to the same time limits. It is somewhat doubtful the plaintiff can demonstrate that this action rose to the level of a constitutional violation, but for the purposes of notice pleading, the court finds the plaintiff has alleged a violation of his Eighth Amendment rights.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

   **a) Defendant Rundle violated the plaintiff's Eighth Amendment rights when he refused to provide a nutritionally adequate meal to the plaintiff resulting in various health problems for the plaintiff; and,**

   **b) Defendants Price and Shaw violated the plaintiff's Eighth Amendment rights when they refuse to allow the plaintiff time to eat meals.**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The clerk of the court is directed to dismiss the remaining defendants, Acevedo, Wright, Price, Locke and Hawkinson, since they are no longer included in the allegations.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and**

**Scheduling Order.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 8th Day of October, 2010.

**\s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE